1  DAVID S. CASEY, JR., Bar No. 060768
   WENDY M. BEHAN, Bar No. 199214
2  **CASEY, GERRY, SCHENK,**
   **FRANCAVILLA, BLATT & PENFIELD, LLP**
3  110 Laurel Street
   San Diego, CA 92101
4  Telephone: (619) 238-1811
   Fax: (619) 544-9232
5
   Attorneys for Plaintiffs
6

FILED
09 FEB 26 PM 2:54
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK W. MICHELL; MARY CHRISTINE MICHELL; and CHRISTOPHER DAMITZ, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA; and DOES 1 through 20, inclusive, <br><br> Defendants. | CASE NO. <br><br> **'09 CV 0387 BTM JMA** <br><br> **COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES** <br><br> 1. **Negligence** <br> 2. **Dangerous Condition of Public Property** <br> 3. **Loss of Consortium** |

### GENERAL ALLEGATIONS

1. This is an action arising under the Federal Tort Claims Act 28 U.S.C. §§ 2671 et seq. This Court is vested with original jurisdiction to hear this matter pursuant to, 28 U.S.C. § 1346 (b)(1), which provides in part that "[t]he district courts . . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

2. This Complaint, action and the damages sustained by Plaintiffs arise out of multiple vehicle crashes resulting from negligence and a dangerous condition of public property, created by Defendant, itself and by and through United States Customs and Border Protection personnel on State Route 94 in an unincorporated area of San Diego County, State of California, on or about August 27, 2006, and therefore venue is proper in this Court.

3. At said time and place, plaintiff, FRANK W. MICHELL was the driver of a 2005 Honda CBR 1000 motorcycle, California license plate number 17N0019, which was eastbound on State Route 94, approximately 2.1 miles east of Otay Lakes Road, in an unincorporated area of San Diego County, State of California.

4. At said time and place, plaintiff, CHRISTOPHER DAMITZ was the driver of a 2000 Yamaha YZF R1 motorcycle, California license plate number 1644672, which was eastbound on State Route 94, approximately 2.1 miles east of Otay Lakes Road, in an unincorporated area of San Diego County, State of California.

5. At the time of this incident, Plaintiffs were and are citizens and residents of this County and State.

6. All defendants named herein are governmental entities organized pursuant to the Constitution of the United States or of any state.

7. The true names and capacities, whether individual, corporate, associate or otherwise of defendant DOES 1 though 20 inclusive, are unknown to plaintiffs, who therefore sue said defendants by such fictitious names. Plaintiffs are informed and believe and thereon allege that each of the defendants herein designated as a DOE is responsible in some manner for the events and happenings herein referred to and caused injuries and damages legally thereby as hereinafter alleged.

8. Plaintiffs are informed and believe and thereon allege that at all times herein mentioned, each negligent actor and each defendant was the agent, servant and employee of each of the remaining defendants, and at all times herein mentioned, each was acting within the time, place and scope of said agency and employment.

Casey, Gerry,
Schenk, Francavilla,
Blatt & Penfield, LLP

Cases\Michell Damitz\Pleadings\Complaint

Page 2
COMPLAINT

9. At all times herein mentioned, eastbound State Route 94, approximately 2.1 miles east of Otay Lakes Road, in an unincorporated area of San Diego County, State of California was an open and public street and highway.

10. Plaintiffs, through counsel, submitted a Federal Tort Claim to the federal government through the U.S. Customs and Border Protection on or about April 23, 2008. Plaintiffs' counsel, on or about November 13, 2008, received an undated letter from U.S. Customs and Border Protection denying all Plaintiffs' claims in their entirety. In accordance with 28 U.S.C. § 2675(a), Plaintiffs now file this action.

## FIRST CLAIM FOR RELIEF

## FOR NEGLIGENCE AGAINST EACH DEFENDANT

11. Plaintiffs incorporate each and every allegation contained above as if set forth at length herein.

12. At said time and place defendant UNITED STATES OF AMERICA's employee, acting within the course and scope of his employment, negligently stopped his vehicle in the middle of the only eastbound lane of traffic on State Route 94. Defendant's vehicle was negligently positioned in the vicinity of a blind curve on eastbound State Route 94, without any warning to approaching eastbound motorists.

13. At said time and place the subject employee of Defendant UNITED STATES OF AMERICA was driving and operating a U.S. Government vehicle, and acting in the course and scope of his federal employment.

14. At the said time and place, each defendant and its employees, and each of them, did so negligently and carelessly stop, position, park, operate, maintain, and supervise their vehicle and other vehicles on State Route 94, without warning to oncoming motorists. Defendants failed to institute or implement proper traffic control plan for lane closure and/or warn/alert traffic of the impending dangers created by them and allowed traffic to suddenly and without warning be confronted with a lane closure which severely and dangerously impeded the safe, free flow of vehicular traffic, and caused multiple vehicular collisions to occur. Plaintiffs FRANK W. MICHELL and

1  CHRISTOPHER DAMITZ were leaving the blind curve on eastbound State Route 94,
2  when they came upon the lane blockage created by defendants, and each of them.
3  Having had no warning of the impending lane blockage, Plaintiffs FRANK W. MICHELL
4  and CHRISTOPHER DAMITZ were forced to take evasive action, including leaving their
5  lane of travel to avoid colliding with vehicles ahead. As a result, Plaintiffs sustained
6  injuries as more fully described herein.

7  15.  At the said time and place, each defendant and its employees, and each
8  of them, did so negligently and carelessly stop, position, park, operate, maintain and
9  supervise their vehicle and other vehicles on State Route 94, without providing any
10 warning to traffic of the lane closure, thereby legally causing the hereinafter described
11 injuries and damages to plaintiffs FRANK W. MICHELL, MARY CHRISTINE MICHELL
12 and CHRISTOPHER DAMITZ .

13 16.  The subject employee of Defendant's, negligence was the legal cause of
14 the collision, and such negligence is imputed to defendant UNITED STATES OF
15 AMERICA.

## SECOND CLAIM FOR RELIEF

## DANGEROUS CONDITION OF PUBLIC PROPERTY

## AGAINST EACH DEFENDANT

19 17.  Plaintiffs incorporate each and every allegation contained above as if set
20 forth at length herein.

21 18.  At said time and place, The United States of America, by and through its
22 agents, including the Customs and Border Protection, servants, employees and
23 independent contractors, created a dangerous condition of public property when it's
24 personnel negligently stopped, positioned, parked, operated, maintained, and
25 supervised its vehicle(s) and other vehicles on State Route 94, approximately 2.1 miles
26 east of Otay Lakes Road, in an unincorporated area of San Diego County, State of
27 California.

28 19.  At said time and place, The United States of America, by and through its

Casey, Gerry,
Schenk, Francavilla,
Blatt & Penfield, LLP

Cases\Michell Damitz\Pleadings\Complaint

Page 4
COMPLAINT

agents, including the Customs and Border Protection, servants, employees and independent contractors, acting within the course and scope of their employment, created a dangerous condition on the roadway by the placement of their vehicles and supervision of other vehicles and by failing to warn advancing traffic of the hazard it had created. Defendant's employee left his vehicle at a complete stop squarely in the only eastbound lane of travel at that location on State Route 94, blocking the flow of traffic in the vicinity of a blind curve. Defendant's employee(s) failed to place cones, warning devices, signs, employees, personnel or take any other steps to warn approaching traffic of the hazard Defendant had created in blocking the roadway. In creating this dangerous condition, Defendants, THE UNITED STATES OF AMERICA, and DOES 1 through 20 created a foreseeable and extreme hazard for vehicles and motorcycles utilizing the subject roadway as it was otherwise intended to be used.

20. At said time and place, employees of Defendant UNITED STATES OF AMERICA, were driving and operating U.S. Government vehicles, and were acting in the course and scope of their federal employment.

21. At the said time and place, each defendant and its employees, and each of them, did so negligently and carelessly stop, position, park, operate, maintain, and supervise, their vehicle and other vehicles, failed to institute and/or implement appropriate and/or required measures, policies and procedures so as to create a hazardous and dangerous condition on State Route 94, of which there was no warning to oncoming motorists. Plaintiffs FRANK W. MICHELL and CHRISTOPHER DAMITZ came upon the stopped vehicles with no warning, in the vicinity of a blind curve on eastbound State Route 94 and were forced to take evasive action, including leaving the only lane of travel in their direction to avoid colliding with stopped vehicles because the roadway ahead was blocked by Defendants THE UNITED STATES OF AMERICA, and DOES 1 through 20.

22. At the said time and place, each defendant and its employees, and each of them, did so negligently and carelessly stop, position, park, operate, maintain, and

supervise, their vehicle and other vehicles, so as to create a hazardous and dangerous condition on State Route 94, thereby legally causing the hereinafter described injuries and damages to plaintiffs FRANK W. MICHELL, MARY CHRISTINE MICHELL and CHRISTOPHER DAMITZ.

23.   At the said time and place, each defendant and its employees, and each of them, committed the following negligent acts on or around State Route 94, in the County of San Diego, State of California, and surrounding areas:  Defendants negligently created and/or failed to create a transportation plan and/or traffic control plan, failed to follow any rules, regulations, laws, standards and/or guidelines relating to planning and carrying out lane closures on roadways, safe, proper and gradual channelization of traffic, lane and shoulder closures, and markings or delineations to alert/warn traffic during construction projects on the subject property.  The defendants, and each of them, failed to create/use proper traffic control procedures and/or traffic control plans including failing to properly utilize law enforcement to set-up, carry-out, monitor, oversee and warn of a lane closure and changes in traffic control and conditions all of which resulted in a hazardous and dangerous condition which caused the subject incident and the injuries to plaintiffs.

24.   The negligence of Defendants' employee(s) was the legal cause of the multiple collisions, and such negligence is imputed to defendant UNITED STATES OF AMERICA.

25.   As a direct and legal result of the aforesaid dangerous condition of public property created by defendant, negligence and carelessness of the defendant UNITED STATES OF AMERICA, and DOES 1 through 20, and each of them, plaintiffs sustained the injuries and damages alleged.

26.   As a direct and legal result of the aforesaid dangerous condition of public property created by defendant, negligence and carelessness of each defendant and its employees, and each of them, plaintiffs were injured in their health, strength and activity, sustaining severe shock and injury to their nervous systems and persons, and

causing plaintiffs mental, physical and nervous pain and suffering and resulting in their disability, all to their general damage in sums which will be shown according to proof.

27. As a direct and legal result of said negligence and carelessness of each defendant and its employees, and each of them, plaintiffs were compelled to and did incur expenses for medical care, hospitalization and other incidental expenses and will have to incur additional like expenses in the future, all in amounts presently unknown to them. Plaintiffs therefore ask leave of court either to amend this complaint so as to show the amount of their medical expenses, when ascertained, or to prove said amounts at the time of trial.

28. As a direct and legal result of the aforesaid carelessness and negligence of each defendant and its employees, and each of them, plaintiffs were disabled and may be disabled in the future and thereby be prevented from attending to the duties of their usual occupations. Plaintiffs have therefore lost earnings and may continue to lose earnings in the future, all in amounts presently unknown to them. Plaintiffs ask leave of court either to amend this complaint to show the amount of their lost earnings, when ascertained, or to prove said amounts at the time of trial.

29. As a direct and legal result of the aforesaid negligence and carelessness of each defendant and its employees, and each of them, the said motorcycles and other property used by plaintiffs was damaged; and plaintiffs thereafter were denied the use of said vehicles and other property, to plaintiffs' further damage, all in amounts which will be shown according to proof.

## THIRD CLAIM FOR RELIEF

## LOSS OF CONSORTIUM

30. Plaintiff MARY CHRISTINE MICHELL incorporates each and every allegation contained above as if set forth at length herein.

31. At all relevant times mentioned herein, plaintiff, MARY CHRISTINE MICHELL, was the wife of plaintiff, FRANK W. MICHELL.

32. That as a legal result of the said acts of the defendants, and each of

1  them, plaintiff, MARY CHRISTINE MICHELL, has been deprived of the services and
2  consortium of plaintiff, FRANK W. MICHELL, all to her damage in a sum which will be
3  shown according to proof.
4      WHEREFORE, plaintiffs pray for judgment against defendants, and each of
5  them, as follows:
6      1.    For general damages according to proof;
7      2.    For loss of earnings, medical expenses, property damage, loss of use and
8  all incidental expenses according to proof;
9      3.    For loss of consortium as to Plaintiff, MARY CHRISTINE MICHELL;
10     4.    For costs of suit incurred herein; and
11     5.    For such and further relief as to the Court seems proper.

13 DATED: 2-26-09

CASEY, GERRY, SCHENK,
FRANCAVILLA, BLATT & PENFIELD, LLP

By: _____
DAVID S. CASEY, JR.
Attorneys for Plaintiffs

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Frank W. Michell, Mary Christine Michell, Christopher Damitz

### DEFENDANTS
United States of America

**(b)** County of Residence of First Listed Plaintiff: **San Diego**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant:
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

09 FEB 26 PM 2:53
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Casey, Gerry, Schenk, Francavilla, Blatt & Penfield LLP
110 Laurel St, San Diego, CA 92101 (619) 238-1811

Attorneys (If Known)
'09 CV 0387 BTM JMA

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)

☒ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | ☐ 365 Personal Injury - Product Liability | | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☒ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Federal Tort Claims Act 28USC 2671, et seq.
Brief description of cause:
Motor vehicle collisions involving US Customs and Border Patrol

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 13,507,555.83
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 02/25/2009
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**
RECEIPT # 160501   AMOUNT $350   APPLYING IFP ____   JUDGE ____   MAG. JUDGE ____

TAC # 2/26/09

```
         UNITED STATES
         DISTRICT COURT
      SOUTHERN DISTRICT OF CALIFORNIA
            SAN DIEGO DIVISION

         # 160501      - TC

         February 26, 2009
              14:52:17


           Civ Fil Non-Pris
      USAO #.: 09CV0387
      Judge..: BARRY T MOSKOWITZ
      Amount.:                $350.00 CK
      Check#.: 61403



            Total-> $350.00


      FROM: MICHELL VS USA
```