Gregory C. Kane, Esq. SBN: 0095046
**SHIFFLET, KANE & KONOSKE, LLP**
16880 West Bernardo Drive, Suite 250
San Diego, CA 92127-1615
Telephone: (858) 385-0871
Facsimile: (858) 613-0871
E-Mail: gkane@shiffletlaw.com

Attorney for Cross-Defendant, FRANK W. MICHELL

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK W. MICHELL; MARY CHRISTINE MICHELL; CHRISTOPHER DAMITZ; LORI NUNEZ; and LUIS NUNEZ, IV, as individuals,<br><br>    Plaintiffs,<br><br>vs.<br><br>THE UNITED STATES OF AMERICA; COURTNEY NUNEZ; and DOES 1 to 50, inclusive.<br><br>    Defendants.<br>_____<br>THE UNITED STATES OF AMERICA,<br><br>    Cross-Complainant,<br><br>vs.<br><br>CHRISTOPHER DAMITZ; FRANK W. MICHELL, and ROES 1-20, inclusive,<br><br>    Cross-Defendants.<br>_____<br>THE UNITED STATES OF AMERICA,<br><br>    Third Party Plaintiff,<br><br>vs.<br><br>FRANK MODICA; THE EXECUTOR OR ADMINISTRATOR OF THE ESTATE OF LUIS NUNEZ III; PHI HUU NGUYEN; JORGE A. C. CLEMENTS; JOHN WEST; ROBERT LOU; BRIAN K. JOHNSON; and MAURICIO | **Case No. 3:09 CV 00387 BTM (JMA)**<br><br>**ANSWER TO CROSS-COMPLAINT OF THE UNITED STATES OF AMERICA** |

1 | VILLAREAL; and ROES 21-50, inclusive,           )
                                                    )
2 |                Third Party Defendants.          )
                                                    )
3 |

CROSS-DEFENDANT, FRANK W. MICHELL, severing himself from all other parties in this litigation answer the CROSS-COMPLAINT OF THE UNITED STATES OF AMERICA as follows:

1. This responding party lacks sufficient information or belief as to the truth of the allegation contained within paragraph one of the Cross-Complaint; and therefore based on such lack of information or belief denies the allegations contained therein including the allegations of all sub-paragraphs contained in paragraph one.

2. This answering Cross-Defendant denies the allegations contained in paragraph two of the Cross-Complainant.

3. This answer Cross-Defendant admits the allegations contained in paragraph three.

4. This answering Cross-Defendant admits the allegations contained paragraph four.

5. This answering Cross-Defendant admits the allegations contained paragraph five.

6. This responding Cross-Defendant lacks sufficient information or belief as to the truth of the allegations contained I paragraph six; and based on such lack of information or belief denies the allegations contained therein.

7. This answer Cross-Defendant denies the allegations contained in paragraph seven.

8. This responding Cross-Defendant lacks sufficient information or belief as to the truth of the allegations contained in paragraph eight of the Cross-Complaint; and based on such lack of information or belief denies the allegations contained therein.

9. This Cross-Defendant lacks sufficient information or belief as to the truth of the allegations contained in paragraph nine of the Cross-Complaint; and based on such lack of information or belief denies the allegations contained therein.

10. This answering Cross-Defendant denies the allegations contained in paragraph ten.

11. This answering Cross-Defendant denies the allegations contained in paragraph eleven.

///

## I.

## **NEGLIGENCE**

(Third Party Defendant Mr. Modica)

12. The Cross-Defendant realleges and incorporates herein by this reference his answers to the foregoing paragraphs and corresponding allegations in the United State's Cross-Complaint ; as though fully set forth herein.

13. This answering Cross-Defendant lacks sufficient information or belief as to the truth of the allegations contained in paragraph thirteen of the Cross-Complaint; and based on such lack of information or belief denies the allegations contained herein.

## II.

## **NEGLIGENCE**

(All Cross and Third Party Defendants, except Mr. Modica)

14. This Cross-Defendant realleges and incorporates herein by this reference his answers to the forgoing paragraphs and corresponding allegations in the Cross-Complaint; as though fully set forth herein.

15. This Cross-Defendant denies the allegations contained in paragraph fifteen.

16. This Cross-Defendant denies the allegations contained in paragraph sixteen.

17. This Cross-Defendant denies the allegations contained in paragraph seventeen.

18. This Cross-Defendant lacks sufficient information or belief as to the truth of the allegations contained within paragraph eighteen of the Cross-Complaint; and based on such lack of information or belief denies the allegations contained therein.

19. This Cross-Defendant denies the allegations in paragraph nineteen.

20. This Cross-Defendant lacks sufficient information or belief as to the truth of the allegations contained within paragraph twenty of the Cross-Complaint; and based on such lack of information or belief denies the allegations contained therein.

21. This Cross-Defendant lacks sufficient information or belief as to the truth of the allegations contained within paragraph twenty-one of the Cross-Complaint; and based on such lack of information or belief denies the allegations contained therein.

22.     This Cross-Defendant lacks sufficient information or belief as to the truth of the allegations contained within paragraph twenty-two of the Cross-Complaint; and based on such lack of information or belief denies the allegations contained therein.

23.     This Cross-Defendant lacks sufficient information or belief as to the truth of the allegations contained within paragraph twenty-three of the Cross-Complaint; and based on such lack of information or belief denies the allegations contained therein.

24.     This Cross-Defendant lacks sufficient information or belief as to the truth of the allegations contained within paragraph twenty-four of the Cross-Complaint; and based on such lack of information or belief denies the allegations contained therein.

25.     This Cross-Defendant lacks sufficient information or belief as to the truth of the allegations contained within paragraph twenty-five of the Cross-Complaint; and based on such lack of information or belief denies the allegations contained therein.

26.     This Cross-Defendant lacks sufficient information or belief as to the truth of the allegations contained within paragraph twenty-six of the Cross-Complaint; and based on such lack of information or belief denies the allegations contained therein.

## III.

### INDEMNITY & CONTRIBUTION; APPORTIONMENT; AND DECLARATORY RELIEF

(As to all Cross-Defendants and Third Party Defendants.)

**A.     INDEMNITY & CONTRIBUTION:**

27.     This responding Cross-Defendant realleges and incorporates herein by this reference his answers in the foregoing paragraphs and corresponding allegations in the Cross-Complaint; as though fully set forth herein.

28.     This answering Cross-Defendant denies the allegations contained paragraph twenty-eight.

29.     This answering Cross-Defendant denies the allegations contained paragraph twenty-nine.

30.     This answering Cross-Defendant denies the allegations contained paragraph thirty.

**B.     APPORTIONMENT:**

31.     This responding Cross-Defendant realleges and incorporates herein by this reference his answers in the foregoing paragraphs and the response to the corresponding allegations in the Cross-Complaint; as though fully set forth herein.

32.     This answering Cross-Defendant denies the allegations contained paragraph thirty-two.

**C.     DECLARATORY RELIEF:**

33.     This responding Cross-Defendant realleges and incorporates herein by this reference his answers in the foregoing paragraphs and the response to the corresponding allegations in the Cross-Complaint; as though fully set forth herein.

34.     This answering Cross-Defendant denies the allegations contained paragraph thirty-four.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSES**

That the Cause of Action purported to be stated in Cross-Complaint are barred in their entirety by the provisions of section 335.1 of the Code of Civil Procedure of the State of California.

**SECOND AFFIRMATIVE DEFENSES**

That with regard to any and all events and happenings in connection with the allegations contained in the Cross-Complaint, answering Cross-Defendant alleges that all Cross-Complainant and/or Cross-Defendants or Third Party Defendants conducted themselves so carelessly, recklessly, and negligently so as to cause and contribute, solely or to some degree, the damages and injuries alleged to have been sustained by the underlying Plaintiff and Cross-Complainant.  Therefore, recovery herein as to any damages suffered by Cross-Complainant, if any, must be levied solely against Defendants, Cross-Defendants, or other Third Party Defendants and must be apportioned on the basis of comparative fault.  This apportionment must reflect, as a percentage, the amount of damages, if any, for which each party is responsible.

**THIRD AFFIRMATIVE DEFENSES**

That the Cross-Complaint and each and every cause of action thereof, fail to state facts

sufficient to constitute a cause of action as to this answering Cross-Defendant.

**FOURTH AFFIRMATIVE DEFENSES**

This answering Cross-Defendant is informed and believes and thereon allege that Cross-Complainant is barred from recovery by the equitable doctrine of laches.

**FIFTH AFFIRMATIVE DEFENSES**

This answering Cross-Defendant is informed and believes and thereon allege that Cross-Complainant is barred from recovery by the equitable doctrine of estoppel.

**SIXTH AFFIRMATIVE DEFENSES**

This answering Cross-Defendant is informed and believes and thereon allege that Cross-Complainant is barred from recovery by the equitable doctrine of unclean hands.

**SEVENTH AFFIRMATIVE DEFENSES**

That at the time and place alleged in the Cross-Complaint, Cross-Complainant and/or its authorized agent was negligent; and such negligence was the sole, or participating, direct and proximate cause of the happening of the alleged accident, as well as of the injuries, losses, and damages, if any, sustained.  Therefore, Cross-Complainant is barred from either all or part of any recovery herein, and such negligence is imputed to Cross-Complainant and likewise bars recovery herein.

**EIGHTH AFFIRMATIVE DEFENSES**

That the regard to any and all events and happenings in connection with the allegations contained in the Cross-Complaint, this answering Cross-Defendant alleges that all co-defendants and Third Party Defendants conducted themselves so carelessly, recklessly, and negligently so as to cause and contribute, solely or to some degree, to the damages and injuries, if any, alleged to have been sustained by plaintiff or by Cross-Complainant.  Therefore, recovery herein as to any damages must be levied solely against co-defendants and Third Party Defendants, or must be apportioned between all defendants, Cross-Defendants, Third Party Defendants, plaintiff and Cross-Complainants on the basis of comparative fault.  This apportionment must reflect, as a percentage, the amount of damages, if any, for which each party is responsible.

///

**NINTH AFFIRMATIVE DEFENSES**

That at the time and place alleged in the Complaint, Cross-Complainant or authorized agent acted with full knowledge of the probabilities and possibilities of danger attendant upon such actions and position. Therefore, Cross-Complainant maintained such a position as to invite injury and assumed any and all risks to be reasonably contemplated as incident to said actions and position.

**TENTH AFFIRMATIVE DEFENSES**

This answering Cross-Defendant is informed and believes and thereon alleges that Cross-Complainant failed to mitigate its damages and is barred from recovery as claimed.

**ELEVENTH AFFIRMATIVE DEFENSES**

This answering Cross-Defendant reserves herein the right to set forth additional, as yet, unstated affirmative defenses in the event discovery and investigation indicates such additional affirmative defenses are applicable.

WHEREFORE, Cross-Defendant, FRANK W. MICHELL, prays for judgment as follows:

1. That the United States take nothing by way of is Cross-Complaint and that judgment be entered in favor of this Cross-Defendant.
2. For costs of suit incurred herein;
3. For such other and further relief that the Court deems just and proper.

Dated:   March 10, 2010            SHIFFLET, KANE & KONOSKE, LLP


By: /s/ Gregory C. Kane
    Gregory C. Kane, Esq.
    Attorney for Cross-Defendant,
    FRANK W. MICHELL
    gkane@shiffletlaw.com

**US GOVERNMENT  v. MICHELL**
UNITED STATES DISTRICT COURT -SOUTHERN DISTRICT
Case No.:  **3:09 CV 0387 BTM (JMA)**

**PROOF OF SERVICE**

I, GREGORY C. KANE, declare as follows:

I am over the age of eighteen years and not a party to the within entitled action.  I am employed in the County of San Diego, State of California, within which county and state the subject mailing occurred.  My business address is 16880 West Bernardo Drive, Suite 250, San Diego, California 92127.

On  **March 10, 2010**, I served the following document(s) described **ANSWER TO CROSS-COMPLAINT OF THE UNITED STATES OF AMERICA** on the interested parties in this action to be served via PACER.

**SEE SERVICE LIST**

[ ]     **BY MAIL.**  The counsel or interested party authorized to accept service, by whose name an **asterisk (*)**.  I am readily familiar with the business practices at my place of business for collection and processing of correspondence for mailing with the United States Postal Service and the correspondence shall be deposited with the United State Postal Service this same day in the ordinary course of business pursuant Code of Civil Procedure §1013(a).

[X]     **BY ELECTRONIC TRANSMISSION**.  I caused said document(s) to be e-served via PACER.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on this March 10, 2010, at San Diego, California.

_/S/ Gregory C. Kane_
GREGORY C. KANE

| | | |
|---|---|---|
| 1 | **US GOVERNMENT  v. MICHELL** | |
| | UNITED STATES DISTRICT COURT -SOUTHERN DISTRICT | |
| 2 | Case No.:  **3:09 CV 0387 BTM (JMA)** | |
| 3 | ATTACHMENT TO PROOF OF SERVICE | |
| 4 | SERVICE LIST | |
| 5 | Karen P. Hewitt, U. S. Attorney | Attorneys for Defendant/Cross-Complainant, and Third Party Plaintiff: |
| | David B. Wallace, Asst. U. S. Attorney | |
| 6 | Thomas B. Reeve, Jr., Asst. U. S. Attorney | **THE UNITED STATES OF AMERICA** |
| | **UNITED STATES ATTORNEY'S OFFICE** | |
| 7 | 880 Front Street, room 6293 | Tel: (619) 557-5662 |
| | San Diego, CA 92101-8893 | E-Mail:   dave.wallace@usdoj.gov |
| 8 | | tom.reeve@usdoj.gov |
| 9 | Wendy Michelle Behan, Esq. | Attorney for Plaintiffs |
| | **CASEY, GERRY, SCHENK, FRANCAVILLA,** | Tel: (619) 238-1811 |
| 10 | **BLATT & PENFIELD, LLP** | |
| | 110 Laurel Street | |
| 11 | San Diego, CA 92101 | |
| 12 | Randall W. Kaler, Esq. | Attorneys for Third-Party Defendant: |
| | **GILBERT, KELLY, CROWLEY & JENNETT,** | **BRIAN K. JOHNSON** |
| 13 | **LLP** | Tel: (619) 687-3000 |
| | 750 B. Street, Suite 2600 | Fax (619) 687-3100 |
| 14 | San Diego, CA 92101 | |
| 15 | John D. Marino, Esq. | Attorneys for Third Party Defendant: |
| | Christopher R. Allison, Esq. | **FRANK MODICA** |
| 16 | **MANNING & MARDER, KASS, ELLROD, RAMIREZ, LLP** | Tel: (619) 515-0269 |
| | | Fax: (619) 515-0268 |
| 17 | 550 West C. Street, Suite 1900 | |
| | San Diego, CA 92101 | |
| 18 | | |
| 19 | John Gomez, Esq. | |
| | **THE GOMEZ LAW FIRM** | |
| | 625 Broadway, Suite 1200 | |
| 20 | San Diego, CA 92101 | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |