# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK W. MICHELL; MARY CHRISTINE MICHELL; CHRISTOPHER DAMITZ; LORI NUNEZ and LUIS NUNEZ, IV, as individuals,<br><br>  Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA; COURNTEY NUNEZ; and DOES 1 through 50,<br><br>  Defendant.<br><br>THE UNITED STATES OF AMERICA,<br><br>  Cross Complainant,<br><br>v.<br><br>CHRISTOPHER DAMITZ; FRANK W. MICHELL; and ROES 1-20, inclusive,<br><br>  Cross Defendants. | Case No. 09cv0387 BTM(JMA)<br><br>**ORDER DENYING MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT AND MOTION FOR LEAVE TO FILE INTERPLEADER** |

| | |
|---|---|
| 1 | THE UNITED STATES OF AMERICA |
| 2 | Third Party Plaintiff |
| 3 | v. |
| 4 | FRANK MODICA; THE EXECUTOR OR ADMINISTRATOR OF THE ESTATE OF LUIS NUNEZ III; PHI HUU NGUYEN; JORGE A.C. CLEMENTS; JOHN WEST; ROBERT LOU; BRIAN K. JOHNSON; MAURICIO VILLAREAL; and ROES 21-50, inclusive, |
| 8 | Third Party Defendants. |

Cross-Defendant Christopher Damitz and Third-Party Defendants Brian Johnson, Frank Modica, Robert Lou, and Phi (David) Nguyen have filed a motion for determination of good faith settlement and a motion for leave to file an interpleader as part of the good faith settlement. For the reasons discussed below, the motions are **DENIED**.

## I. BACKGROUND

This litigation arises out of a series of accidents on August 27, 2006, on State Route 94, in San Diego County. Frank Modica, who was riding a motorcycle, was involved in a collision with a bicyclist. The United States Border Patrol arrived at the scene of the accident and, according to Plaintiffs, parked their vehicles in such a manner as to unreasonably block the road and traffic. A group of motorcycle riders, including Plaintiffs and the Third-Party Defendants, came upon the scene at different times, and crashed due to the blockage. Luis S. Nunez, III suffered fatal injuries and Frank W. Michell and Christopher Damitz suffered nonfatal injuries.

On February 26, 2009, Frank W. Michell, Mary Christine Michell, and Christopher Damitz filed their complaint against the United States, alleging negligence and the creation of a dangerous condition on public property. On March 9, 2009, Lori Nunez and Luis Nunez, IV, filed their action against the United States, asserting claims for negligence and wrongful

death. The cases were subsequently consolidated.

On January 20, 2010, the United States filed a cross-complaint against Christopher Damitz and Frank Michell and a third-party complaint against Frank Modica, the Executor or Administrator of the Estate of Luis Nunez III, Phi Huu Nguyen, Jorge A.C. Clements, John West, Robert Lou, Brian K. Johnson; and Mauricio Villareal. The United States alleges that the cross-defendants and third-party defendants engaged in behavior that caused the death, injury, and damages of Plaintiffs. Specifically, the United States alleges that they were engaged in dangerous street-racing on April 27, 2006, and were speeding east-bound on State Route 94, in related but sometimes briefly separated packs, toward the Modica-bicyclist collision site. The United States brought claims for negligence, indemnity and contribution, apportionment, and declaratory relief.

On February 18, 2010, third-party defendant John West filed his own counter-claim against the United States and cross-claims against the third-party defendants, seeking indemnity based on equitable principles of comparative fault.

## II. **DISCUSSION**

The moving defendants, Cross-Defendant Christopher Damitz and Third-Party Defendants Brian Johnson, Frank Modica, Robert Lou, and Phi (David) Nguyen (collectively "Settling Defendants"), have reached a settlement with the United States and seek a determination by the Court that the settlement is in good faith as well as an order barring any future claims, arising from or related to the accident, against the Settling Defendants by any party to this litigation or anyone else.

Under Cal. Civ. Proc. Code § 877.6, the determination by the court that a settlement between the plaintiff and one or more alleged tortfeasors was made in good faith "shall bar any other joint torfeasor or co-obligor from any further claims against the settling tortfeasor or co-obligor for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault." A bar order issued pursuant to § 877.6 may not extinguish claims other than claims for contribution and indemnity or artfully

pled claims that amount to claims for contribution and indemnity. Heritage Bond Litig. v. U.S. Trust Corp., N.A., 546 F.3d 667, 681 (9th Cir. 2008). Thus, in Heritage, the Ninth Circuit vacated a bar order entered in a securities fraud class action because it barred a non-settling defendant from bringing independent, non-indemnity or contribution claims against the settling defendants.

Although Settling Defendants acknowledge that a bar order issued pursuant to § 877.6 may not bar claims other than those for contribution and indemnity, Settling Defendants ask that the Court bar all claims against them that arise out of the accident on August 27, 2006. Settling Defendants explain that since the settlement requires the payment of the Settling Defendants' insurance policy proceeds, a material term of the settlement is that the Settling Defendants will be free from any further claims, "not only equitable indemnity or apportionment claims; but also that the settling Defendants will not be at risk of exposure to the underlying Plaintiffs or any other non-settling party that contends they maintain a direct, non-barred cause of action against the settling parties." (Mem. of P. & A at 2:21-23.) The Settlement Agreement itself provides:

> It is intended that these Settling Defendants shall be released and discharged from any and all further exposure to any and all liability or potential liability to any party who claims or may hereinafter claim a right or cause of action for damages or other relief arising from or related to the accident occurring on August 27, 2006.

(Settlement Agreement, ¶ 10.) The settlement is contingent on this Court releasing and discharging Settling Defendants from any further liability or exposure to any party. (Settlement Agreement, ¶ 5.)

However, Settling Defendants do not provide the Court with any legal authority supporting the issuance of such a broad bar order. Section 877.6 clearly does not allow for such relief, and Settling Defendants do not point to any other statutes or legal precedent that permit the Court to issue such a bar order.

Even if it was within the discretion of the Court to bar non-indemnity/contribution claims against Settling Defendants, the Court would not do so. It would hardly be fair to bar individuals not party to this suit from bringing independent claims not based on indemnity or

contribution against Settling Defendants.

### III. CONCLUSION

For the reasons discussed above, the Motion for Determination of Good Faith Settlement and the Motion for Leave to File Interpleader are **DENIED**.

**IT IS SO ORDERED.**

DATED: May 31, 2011

*/s/ Barry Ted Moskowitz*

Honorable Barry Ted Moskowitz
United States District Judge