# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK W. MICHELL, et al.,<br><br>    Plaintiffs,<br>v.<br><br>UNITED STATES OF AMERICA;<br>COURTNEY NUNEZ,<br><br>    Defendants. | Case No. 09cv387 BTM(BGS)<br><br>**ORDER DENYING MOTION TO AMEND COMPLAINT** |

Plaintiffs Lori Nunez and Luis Nunez IV ("Plaintiffs") have filed a motion to amend their complaint to re-name "Nominal Defendant" Courtney Nunez as a Plaintiff in this matter, or, in the alternative, to join Courtney Nunez as a necessary party. For the reasons discussed below, Plaintiffs' motion is **DENIED**.

## I. BACKGROUND

This litigation arises out of a series of accidents on August 27, 2006, on State Route 94, in San Diego County. Frank Modica, who was riding a motorcycle, was involved in a collision with a bicyclist. The United States Border Patrol arrived at the scene of the accident and, according to Plaintiffs, parked their vehicles in such a manner as to unreasonably block the road and traffic. A group of motorcycle riders came upon the scene at different times and crashed due to the blockage. Luis S. Nunez, III ("Nunez"), suffered fatal injuries.

On or about August 12, 2008, Lori Nunez, Nunez's widow, and Luis Nunez IV, Nunez's son, filed administrative claims with the U.S. Customs and Border Protection Agency. (Gov't Exs. 1, 2.) On or about November 10, 2008, the claims were denied. (Id.)

On March 9, 2009, Lori Nunez and Luis Nunez IV filed their action against the United States, asserting claims for negligence and wrongful death. Plaintiffs named Courtney Nunez ("Courtney"), Nunez's daughter, as a nominal defendant because Plaintiffs were unable to obtain her consent to participate in the action. Plaintiffs have since obtained Courtney's consent and seek to amend their complaint to re-name her as a Plaintiff.

## II. DISCUSSION

The United States opposes Plaintiffs' motion to re-name Courtney Nunez as a Plaintiff on the ground that the Court lacks subject matter jurisdiction over Courtney's claims. As discussed below, the Court agrees that it lacks subject matter jurisdiction over Courtney's claims because she did not exhaust her administrative remedies under the Federal Tort Claims Act ("FTCA").

The FTCA waives sovereign immunity for claims against the federal government arising from torts committed by federal employees who are acting within the scope of their employment. 28 U.S.C. §§ 1346(b)(1), 2679(d)(1). The FTCA requires that claimants under the FTCA exhaust administrative remedies before filing suit:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a).

The FTCA also provides:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing . . . of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b). The time limits set forth in § 2401(b) are jurisdictional and cannot be extended by estoppel or equitable tolling. Marley v. United States, 567 F.3d 1030, 1038 (9th Cir. 2009).

The Ninth Circuit has "repeatedly held that the exhaustion requirement is jurisdictional in nature and must be interpreted strictly." Vacek v. United States Postal Service, 447 F.3d 1248, 1250 (9th Cir. 2006). As explained by the Ninth Circuit:

> This is particularly so since the [Act] waives sovereign immunity. Any such waiver must be strictly construed in favor of the United States. Section 2675(a) establishes explicit prerequisites to the filing of suit against the Government in district court. It admits of no exceptions. Given the clarity of the statutory language, we cannot enlarge that consent to be sued which the Government, through Congress, has undertaken so carefully to limit.

Jerves v. United States, 966 F.2d 517, 521 (9th Cir.1992) (internal quotations and citations omitted)

It is undisputed that Courtney never filed her own administrative claim and was not mentioned in the administrative claim filed by Plaintiffs. The fact that Courtney's mother and brother filed their own administrative claims does not excuse Courtney from filing her own claim. See, e.g., Johnson v. United States, 704 F.2d 1431, 1442 (9th Cir. 1983) (holding that although plaintiff's husband, a serviceman who was injured in an automobile accident, filed an administrative claim and identified plaintiff as his spouse, the district court lacked subject matter jurisdiction over plaintiff's loss of consortium claim because she had failed to exhaust the FTCA's procedures).

Courts have relaxed the exhaustion requirements in cases involving minor children, allowing claims of minor children to proceed even if the children did not file separate administrative claims. Hilburn v. United States, 789 F. Supp. 338, 341 (D. Hawaii 1992). Courtney, however, was not a minor at the time Plaintiffs' administrative claims were filed. (See Doc. No. 83.)

Therefore, Courtney has not complied with the exhaustion requirements of the FTCA, and the Court lacks subject matter jurisdiction over her claims. Accordingly, it would be futile for Plaintiffs to re-name Courtney as a Plaintiff.

Plaintiffs argue that Courtney is a necessary party under California law because she

is an heir of the decedent and has standing to bring a wrongful death claim. However, as already discussed, Courtney failed to exhaust her administrative remedies, and the Court lacks subject matter jurisdiction over any wrongful death claim by her. Therefore, Courtney is not a necessary party to the adjudication of the wrongful death case brought by her mother and brother.

### III. CONCLUSION

For the reasons set forth above, Plaintiffs' motion to amend their complaint to re-name Courtney Nunez as a Plaintiff in this action is **DENIED**.

**IT IS SO ORDERED.**

DATED:  August 23, 2011

*Barry Ted Moskowitz*

Honorable Barry Ted Moskowitz
United States District Judge