# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK W. MICHELL; MARY CHRISTINE MICHELL; CHRISTOPHER DAMITZ; LORI NUNEZ and LUIS NUNEZ, IV, as individuals,<br><br>　　　　　　　　Plaintiff,<br>　v.<br>THE UNITED STATES OF AMERICA; COURNTEY NUNEZ; and DOES 1 through 50,<br><br>　　　　　　　　Defendant.<br>AND RELATED CROSS-CLAIMS AND THIRD-PARTY CLAIMS | Case No. 09cv0387 BTM(JMA)<br><br>**ORDER GRANTING MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT** |

　　　　Cross-Defendant Christopher Damitz and Third-Party Defendants Brian Johnson, Frank Modica, and Phi Huu (David) Nguyen ("Settling Defendants") have filed a motion for determination of good faith settlement under Cal. Civ. Proc. Code § 877.6. For the reasons discussed below, the motion is **GRANTED**.

## I. BACKGROUND

　　　　This litigation arises out of a series of accidents on August 27, 2006, on State Route 94, in San Diego County. Frank Modica, who was riding a motorcycle, was involved in a

collision with a bicyclist. The United States Border Patrol arrived at the scene of the accident and, according to Plaintiffs, parked their vehicles in such a manner as to unreasonably block the road and traffic. A group of motorcycle riders, including Plaintiffs and the Third-Party Defendants, came upon the scene at different times and crashed due to the blockage. Luis S. Nunez, III, suffered fatal injuries, and Frank W. Michell and Christopher Damitz suffered nonfatal injuries.

On February 26, 2009, Frank W. Michell, Mary Christine Michell, and Christopher Damitz filed their complaint against the United States, alleging negligence and the creation of a dangerous condition on public property. On March 9, 2009, Lori Nunez and Luis Nunez, IV, filed their action against the United States, asserting claims for negligence and wrongful death. The cases were subsequently consolidated.

On January 20, 2010, the United States filed a cross-complaint against Christopher Damitz and Frank Michell and a third-party complaint against Frank Modica, the Executor or Administrator of the Estate of Luis Nunez III, Phi Huu Nguyen, Jorge A.C. Clements, John West, Robert Lou, Brian K. Johnson; and Mauricio Villareal. The United States alleges that the cross-defendants and third-party defendants engaged in behavior that caused the death, injury, and damages of Plaintiffs. Specifically, the United States alleges that they were engaged in dangerous street-racing on April 27, 2006, and were speeding east-bound on State Route 94, in related but sometimes briefly separated packs, toward the Modica-bicyclist collision site. The United States brought claims for negligence, indemnity and contribution, apportionment, and declaratory relief.

On February 18, 2010, third-party defendant John West filed his own counter-claim against the United States and cross-claims against the third-party defendants, seeking indemnity based on equitable principles of comparative fault.

On April 1, 2011, the Settling Defendants brought a motion for determination of good faith settlement. In an order filed on May 31, 2011, the Court denied the motion because the proposed settlement was contingent on the Court issuing an order barring any future claims, arising from or related to the accident, against the Settling Defendants by any party to this

litigation or anyone else.  The Court explained that it did not have the authority under Cal. Civ. Proc. Code § 877.6 to issue such a bar order.

The Settling Defendants have renewed their motion for a determination of good faith settlement but no longer seek a broad bar order.

The material terms of the revised settlement agreement (Ex. A to Molinari Decl.) provide:

- Each of the Settling Defendants will pay their policy limit amount of $30,000.00 to the United States Treasury.
- The United States agrees that Settling Defendants shall be released and discharged from further exposure to liability or potential liability for indemnity and contribution.
- Upon this Court's entry of an order determining that the settlement is in good faith, the United States shall dismiss with prejudice the Settling Defendants from their cross-complaints and third-party complaints.
- In exchange for the payments of the policy limits, the United States shall release and forever discharge the Settling Defendants (Christopher Damitz as a cross-defendant only) from any and all past, present, or future claims relating to this action.  (The release does not restrict or waive any possible defenses, offsets, or other matters regarding the defense of the United States against the claims of Damitz as a plaintiff.)

## II. DISCUSSION

The Settling Defendants seek a determination by the Court that their settlement with the United States is in good faith.  As discussed below, the Court finds that it is.

Under Cal. Civ. Proc. Code § 877.6(a)(1), "[a]ny party to an action wherein it is alleged that two or more parties are joint tortfeasors shall be entitled to a hearing on the issue of the good faith of a settlement entered into by the plaintiff or other claimant and one or more alleged tortfeasors . . . ."  If the court determines that the settlement was made in good faith,

such determination "shall bar any other joint tortfeasor from any further claims against the settling tortfeasor for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault." Cal. Civ. Proc. Code § 877.6(c). A party asserting the lack of good faith bears the burden of proof on that issue. Cal. Civ. Proc. Code § 877.6(d).

In Tech-Bilt, Inc. v. Woodward-Clyde & Assoc., 38 Cal. 3d 488, 499 (1985), a case in which the good faith nature of the settlement was disputed, the California Supreme Court set forth a number of factors to be considered by the court in determining whether a settlement is in good faith, including: (1) a rough approximation of plaintiffs' total recovery and the settlors' proportionate liability; (2) the amount paid in settlement; 3) the allocation of settlement proceeds among plaintiffs; (4) a recognition that the settlor should pay less in settlement than he would if he were found liable after trial; (5) the financial condition and insurance policy limits of settling defendant; and (6) the existence of collusion, fraud, or tortious conduct aimed to injure the interests of non-settling defendants.

The California Court of Appeal has held that it is incumbent upon the court deciding the motion for good faith settlement to consider and weigh the Tech-Bilt factors only when the good faith nature of a settlement is disputed. City of Grand Terrace v. Superior Court, 192 Cal. App. 3d 1251, 1261 (1987). "That is to say, when no one objects, the barebones motion which sets forth the ground of good faith, accompanied by a declaration which sets forth a brief background of the case is sufficient." Id. See also Hernandez v. Sutter Medical Center of Santa Rosa, 2009 WL 322937 (N.D. Cal. Feb. 9, 2009) (granting motion for good faith settlement without performing Tech-Bilt analysis because there were no objections); Bonds v. Nicoletti Oil, Inc., 2008 WL 4104272 (E.D. Cal. Sept. 3, 2008) (declining to weigh Tech-Bilt factors because there was no opposition to the motion for good faith settlement).

Here, no opposition or objections have been filed to the motion. Accordingly, the Court does not deem it necessary to engage in the Tech-Bilt analysis.

The Court has reviewed the terms of the settlement and is satisfied that the settlement is in good faith. There is no evidence of collusion or fraud, and the amount to be paid under

the settlement agreement (the $30,000 insurance policy limit for each Settling Defendant) is reasonable considering the financial condition of the Settling Defendants and the nature of the United States' claims against them. The Plaintiffs have not filed claims against the Settling Defendants and have not alleged that the Settling Defendants are in anyway responsible for their injuries.

The Court concludes that the settlement is in good faith and **GRANTS** the Settling Defendants' motion.

### III. CONCLUSION

For the reasons discussed above, the Settling Defendants' motion for determination of good faith settlement is **GRANTED**. The settlement reached between the United States and the the Settling Defendants is found to be in good faith within the meaning of Cal. Civ. Proc. Code § 877.6, and any other joint tortfeasor is barred from any further claims against Settling Defendants for equitable comparative contribution or comparative indemnity based on comparative negligence or comparative fault.

**IT IS SO ORDERED.**

DATED: September 6, 2011

Honorable Barry Ted Moskowitz
United States District Judge