# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Frank W. Michell, et al., | CASE NO. 09cv387-CAB (BGS) |
| Plaintiffs, | PRETRIAL ORDER |
| vs. | |
| The United States of America, et al., | |
| Defendants. | |
| AND RELATED CROSS-ACTIONS AND THIRD PARTY ACTION. | |

Following pretrial proceedings and pursuant to F.R.C.P. 16, Local Rule 16.1(f)(4) and , IT IS ORDERED:

## I.

This is a Federal Tort Claims Act action, with allegations of negligence resulting in personal injury by Plaintiffs Frank Michell and Christopher Damitz and wrongful death, filed by Plaintiff Lori Nunez, individually and as Successor in Interest to the Estate of Luis Nunez. The pleadings which raise the issues are Plaintiff Michell and Damitz's Complaint (Doc. 1), the corresponding Answer by the United States (Doc. 5), Plaintiff Nunez's Complaint (Doc. 1 to Case No. 09-CV-00459), and the corresponding Answer filed by the United States (Doc. 5 to Case No. 09-CV-00459).

## II.

Federal jurisdiction is invoked under 28 U.S.C. § 1346 (b)(1). Venue is proper because all conduct giving rise to the claims alleged in the Complaints occurred in San

Diego County.

## III.

The following facts are admitted and require no proof:

- State Route (SR), around the location of the subject incident is a two lane public highway with one lane in each direction (east/west), separated by a double yellow line. SR-94's maximum speed limit is 55 MPH; a yellow advisory 35 MPH sign is posted on the corner preceding the subject incident.
- The subject incident occurred on Sunday, August 27, 2006 between 9:30 a.m. and 10:00 a.m. The weather was clear and dry.
- On August 27, 2006, prior to the subject incident, Frank Modica and Grant Ransdell were riding their Harley Davidson motorcycles, with Josh Ugalde, who was riding his similar Honda "cruiser" type motorcycle eastbound on SR 94.
- Frank Modica collided with an unknown bicyclist on SR 94 near what was later to become the incident location.
- Josh Ugalde rode to a Border Patrol checkpoint and reported the Harley Davidson-bicycle incident and requested assistance. Josh Ugalde then returned to the scene.
- Supervisory Border Patrol Agent Brian Cash dispatched Border Patrol Agent Pinckney to the scene.
- Prior to any USBP personnel arriving at the incident scene, a California Department of Forestry (CDF) fire-truck, driven by Ernest Marugg, Jr., with Daniel Valadez and Josh Williams accompanying him, drove past the incident scene with Modica, Ugalde, Ransdell and the bicyclist and stopped to render aid. Captain Marugg eventually parked his fire truck in the north shoulder of SR-94.
- Agent Pinckney eventually arrived at the scene in a Border Patrol sedan.
- Agent Pinckney stopped his vehicle on SR 94 on the eastbound side.
- When Agent Pinckney arrived at the scene and stopped his vehicle, Modica, Ugalde, and Ransdell were still at the incident location.

- Frank Michell rode his 2005 Honda CBR 1000 motorcycle east on SR 94 towards the subject incident scene.
- Luis Nunez rode his 2003 Aprilia RSU motorcycle east on SR 94 towards the subject incident scene.
- Christopher Damitz rode his 2000 Yamaha YZF 1000 motorcycle east on SR 94 towards the subject incident scene.
- As he arrived at the incident scene, Frank Michell went off the road and down an embankment.
- Other motorcyclists who were riding on eastbound SR 94 on the day and time in question, included: Phi Nguyen, John West, Brian Johnson, Robert Lou, Mauricio Villareal, and Sergio Garcia.
- Before Christopher Damitz and Luis Nunez arrived at the scene, there were cars and/or motorcycles behind the stopped Border Patrol vehicle in the eastbound lane.
- Luis Nunez and Christopher Damitz got into motorcycle accidents at the incident location and Nunez died and Damitz was injured.
- Frank Michell was injured when he was struck by a motorcycle. Michell was life flighted for emergency care.
- All drivers in California are subject to the California Vehicle Code.

**IV.**

The parties have no reservations as to the facts recited in paragraph III.

**V.**

The following facts, though not admitted, are not to be contested at the trial by evidence to the contrary: No applicable facts

**VI.**

The following issues of fact, and no others, remain to be litigated upon the trial:
- Where did the CDF fire-truck stop at the incident scene? What did it do next?

- When did BPA Pinckney arrive at the scene relative to the arrival of various motorcycles, other civilian vehicles, and other emergency vehicles? What did the scene look like upon his arrival?
- When did Michell, Nunez, and Damitz arrive at the scene relative to the arrival of various motorcycles, other civilian vehicles, and other emergency vehicles? What did the scene look like upon their arrival?
- Where exactly did BPA Pinckney stop his USBP vehicle, what was his lane position, and for how long was he stopped at the scene?
- Were some vehicles able to safely stop at the incident scene while other were unable, and if so, why, and who were they?
- What was the chronology of the motorcycles that got into accidents at the incident scene? Was it a single accident event or a series of accident events?
- What did BPA Pinckney do after arriving at the incident scene? Did he activate the lights on his Border Patrol vehicle?
- Whose motorcycle struck Michell?

Defendant contends these particular fact issues remain to be litigated:
- What kind of road is SR 94?
- Did the USBP customarily assist in matters involving public safety around the area of the incident?
- Were Damitz, Nunez, and Michell racing their motorcycles with other motorcycle riders?
- Did these riders regularly meet on Sunday mornings to race on SR-94?
- Were these riders aware of special efforts made by the California Highway Patrol to counteract racing on SR 94?

Plaintiffs contend these particular fact issues remain to be litigated:
- Did Pinckney ever receive training regarding traffic control?
- Did anyone at the incident scene tell Pinckney to move his vehicle away from the blind corner, and if so, when?

- Did Pinckney have sufficient opportunity to park his vehicle on the shoulder of SR 94, out of the lanes of travel?
- What is the average speed of vehicles coming around this blind corner?
- Did the motorcyclists who were able to stop uninjured receive some type of warning prior to reaching the blind corner?

## **VII.**

A list of exhibits which may be offered at trial by the respective parties is attached hereto. The parties reserve all objections as to admissibility.

## **VIII.**

A list of witnesses who may be called by plaintiffs and defendant is as follows[1]:

CBPO Aguirre, Joanna (CBP Sector Enforcement Specialist) – United States Customs and Border Protection (CBP) Officer Aguirre was one of the CBP radio dispatchers on August 27, 2006. She will testify regarding the radio transmissions between CBP and the California Department of Forestry (CDF) relative to the subject incident. Moreover, she will provide foundational testimony for the audio evidence.

Arnold, Edward[2] – USAA casualty examiner who will testify regarding Plaintiff Michell's insurance claim.

Beales, Brad, USBPA Supervisor – United States Border Patrol (USBP) Agent who was patrolling the nearby area on an ATV on the incident date. He arrived at the scene after the motorcycle accidents had occurred, while the CHP investigations

---

[1] Parties reserve the right to object to any of the witnesses included in this document. With respect to every motorcycle rider, Defendant will inquire about his/her relationship to other riders and knowledge of SR-94. (Plaintiffs object to this line of questioning.) With respect to every uniformed official, Defendant will inquire about his/her relationship with other agencies and knowledge of SR-94. (Plaintiffs object to this line of questioning.) Plaintiffs intend on moving to preclude several of these witnesses on various grounds, including hearsay, undue consumption of time, improper character evidence, and because they relate to the damages phase of trial.

[2] Plaintiffs object to this witness under Fed. R. Evid. § 403 as its probative value is outweighed by the probability that its admission will necessitate undue consumption of the Court's time. Additionally, this witness' testimony will likely address the damages phase of the trial.

were ongoing. He will testify regarding his duties that day and percipient observations relative to the subject incident while at the scene.

Cardenas Clements, Jorge – Mr. Clements was one of the motorcyclists riding eastbound on SR 94 at the time of the incident. He will testify as to his observations related to the subject incident.

Cash, Brian, USBPA Supervisor – SBPA Brian Cash was the Supervisor in charge of the SR 94 checkpoint on the incident date. He was Agent Pinckney's supervisor and instructed Pinckney to go to the scene after a citizen had reported a motorcycle versus bicycle collision to the east and requested aid. He will also testify to the radio calls he made and report he prepared regarding the subject incident.

Collins, Jonathan – CHP investigating officer identified in traffic collision report. Officer Collins will testify regarding his role in the investigation, including observations.

Damitz, Christopher – Plaintiff Christopher Damitz was riding a motorcycle eastbound SR 94 at the time of the incident. He will testify as to his observations related to the subject incident.

Edwards, Michael – CHP investigating officer identified in traffic collision report. Officer Edwards will testify regarding his role in the investigation, including observations.

Ferguson, John – Commander Ferguson was decedent, Luis Nunez's supervising officer in the United States' Navy. This witness will testify regarding his experiences with Nunez.[3]

Francavilla, Paul – Mr. Francavilla is an in-house investigator for the law firm representing Plaintiff Frank Michell. He will testify regarding his investigation.

---

[3] Defendant will inquire about Commander Ferguson's knowledge of Mr. Nunez's driving habits. (Plaintiffs object to this line of questioning.)

Garcia, Sergio – Sergio Garcia was one of the motorcyclists riding eastbound on SR 94 at the time of the incident. He will testify as to his observations at the scene.

Gillis, Cindy[4] – USAA claims examiner who will testify regarding Plaintiff Michell's insurance claim.

Harris, Floyd Eugene – Officer Harris is a CHP investigating officer for the subject incident. He will testify regarding his role in the investigation, including observations.

Johnson, Brian – Brian Johnson was one of the motorcyclists riding eastbound on SR 94 at the time of the incident. He will testify as to his observations at the scene.

Jolly, Kenneth – CHP investigating officer identified in traffic collision report. Officer Jolly will testify regarding his role in the investigation, including observations.

Kramp, Tim – Tim Kramp one of the motorcyclists riding eastbound on SR 94 at the time of the incident. He will testify as to his observations at the scene.

Krohn, David – Former USBP Supervisor, Agent Krohn, was assigned to investigate the post-accident events. He will testify as to his percipient post-incident observations.

Larkin, Clyde – CHP investigating officer identified in traffic collision report. Officer Larkin will testify regarding his role in the investigation, including observations.

Linzer, John – CW3 Linzer was decedent Luis Nunez's ship-mate in the United States' Navy. This witness will testify regarding his experiences with Nunez.[5]

Lou, Robert – Robert Lou one of the motorcyclists riding eastbound on SR 94 at the time of the incident. He will testify as to his observations at the scene.

Martini, John – USBP Agent Martini arrived at the scene after the incident. He was an

---

[4] Plaintiffs object to this witness under Fed. R. Evid. § 403 its probative value is outweighed by the probability that its admission will necessitate undue consumption of the Court's time. Additionally, this witness' testimony will likely address the damages phase of the trial.

[5] Defendant will inquire about CW3 Linzer's knowledge of Mr. Nunez's driving habits. (Plaintiffs object to this line of questioning and will raise the issue with the Court that he was not properly disclosed under FRCP 26.)

ATV operator in the area around the accident scene. He will testify regarding his observations at the scene.

Marugg, Jr., Ernest – Chief Ernest Marugg Jr. Is a California Department of Forestry (CDF) fire fighter who held the rank of Captain on the incident date. He will testify regarding his percipient observations at the scene.

Mello, Robin "Gene" Eugene – CHP investigating officer identified in traffic collision report. Officer Mello will testify regarding his role in the investigation, including observations.

Michell, Frank – Plaintiff Frank Michell was riding a motorcycle eastbound on SR 94 at the time of the incident. He will testify regarding his observations at the scene.

Modica, Frank – Frank Modica was one of the motorcyclists riding eastbound on SR 94 on the incident date. His motorcycle collided with a bicycle near the subject curve, causing the request for USBP aid in the first instance. He will testify as to his observations at the scene.

Nguyen, Phi "David" – Phi "David" Nguyen was one of the motorcyclists riding eastbound on SR 94 at the time of the incident. He will testify as to his observations at the scene.

Nunez, Lori – Plaintiff was riding a motorcycle eastbound on SR 94 at the time of the incident. She will testify as to his observations at the scene.

Pinckney, Scott – USBP Agent called out to the scene of the accident. He will testify as to his observations at the scene. He will also testify about his radio transmissions.

Quiles, Pedro – Pedro Quiles was one of the motorcyclists riding eastbound on SR 94 at the time of the incident. He will testify as to his observations at the scene.

Ransdell, Grant – Grant Ransdell was a motorcycle rider and witnessed the events that took place on August 27, 2006, including those leading up to and post the

| | |
|---|---|
| 1 | motorcycle crashes. He will testify as to his observations at the scene. |
| 2 | Reich, Mark – Mr. Reich is the Person Most Knowledgeable relating to U.S. Customs |
| 3 | and Border Protection radio transmissions and is expected to render testimony |
| 4 | relating to the August 27, 2006 radio calls between CBP dispatchers and |
| 5 | responding CBP officers. He will also provide foundational testimony regarding |
| 6 | the audio-clips, or radio transmissions, previously produced by the U.S. |
| 7 | Reynolds, Robert – Mr. Reynolds was the radio dispatch operator with CDF and is |
| 8 | expected to render testimony relating to the August 27, 2006 radio calls between |
| 9 | CDF and CBP radio communications. He will provide foundational testimony |
| 10 | for these materials as well. |
| 11 | Spain, Khris – Khris Spain was one of the motorcyclists riding eastbound on SR 94 at |
| 12 | the time of the incident. He will testify as to his observations at the scene. |
| 13 | Thompson, Kari – Ms. Thompson is the Person Most Knowledgeable relating to the |
| 14 | radio transmissions calls between CDF and 911 Emergency dispatch and is |
| 15 | expected to testify regarding the events that took place on August 27, 2006. She |
| 16 | will also provide foundational testimony for the audio produced at trial. |
| 17 | Ugalde, Josh – Josh Ugalde was a motorcycle rider and witnessed the events that took |
| 18 | place on August 27, 2006, including those leading up to and post the motorcycle |
| 19 | crashes. He will testify as to his observations at the scene. |
| 20 | Valadez, Daniel – Daniel Valadez was a CDF fire fighter who was part of Captain |
| 21 | Marugg's crew on the incident date. He will testify as to his observations at the |
| 22 | scene. |
| 23 | Villareal, Mauricio – Mauricio Villareal was one of the motorcyclists riding eastbound |
| 24 | on SR 94 at the time of the incident. He will testify as to his observations at the |
| 25 | scene. |
| 26 | West, John – John West was one of the motorcyclists riding eastbound on SR 94 at the |
| 27 | time of the incident. He will testify as to his observations at the scene. |
| 28 | |

Williams, Joshua – Joshua Williams was a CDF fire fighter who was part of Captain Marugg's crew on the incident date. He will testify as to his observations at the scene.

**LIABILITY EXPERT WITNESSES:**

Berg, Kerry – Mr. Berg is a retained expert witness in accident reconstruction, hired by the U.S., who is expected to testify as the liability and causation of the subject incident.

Casteel, David – Mr. Casteel performed a preliminary accident analysis of the August 27, 2006 incident for USAA insurance. Potential rebuttal witness regarding Plaintiffs' theories of causation.

Feiereisen, Thomas – Mr. Feierisen is a liability expert in the field of accident reconstruction and was hired by Plaintiffs Michell and Damitz. He will testify regarding the liability and causation of the subject incident.

McDonnell, Thomas, Jr. – Mr. McDonnell is a retained expert, hired by the U.S., who will testify as to Border Patrol policies regarding vehicle usage, safety, and stops, as well as driver training for Border Patrol officers, and is expected to testify as to issues of standard of care including issues surrounding Border Patrol Pinckney's conduct at the site of the August 27, 2006 incident.

Scott, Rodney – Mr. Scott is a non-retained expert in CBP policies and procedures, who is expected to testify as to the guidelines in effect at the time of the August 27, 2006 incident and to USBP customary assistance to state and local public safety agencies, as able and needed in rural areas of San Diego County.

Sealy, Ronald – Mr. Sealy is a liability expert in the field of peace officer procedures. He was retained by Plaintiffs Michell and Nunez. He is expected to testify regarding the liability and causation of the subject incident, proper peace officer procedures, including, but not limited to, accident scene safety precautions, traffic control, training and supervision.

Smith, Jack – Mr. Smith is a liability expert in the field of peace officer procedures. He was retained by Plaintiff Nunez. He is expected to testify regarding the liability and causation of the subject incident, proper peace officer procedures, including, but not limited to, accident scene safety precautions, traffic control, training and supervision.

Vanderpol, Eugene – Mr. Vanderpol is a liability expert in the field of accident reconstruction and was hired by Plaintiff Nunez. He will testify regarding the liability and causation of the subject incident.

## **IX.**

The following issues of law, and no others, remain to be litigated upon the trial:

1. Was Agent Pinckney negligent by stopping his Border Patrol vehicle where he did?
2. If so, did that negligence cause any harm to Plaintiffs?
3. Were Frank Michell, Luis Nunez, and Christopher Damitz negligent regarding the operation of their motorcycles?
4. If so, what, if any, legal effect does that negligence have on any negligent act performed by Agent Pinckney, if any?
5. What factors should the Court consider in determining the various negligence analyses in this case?
6. What is the applicability, if any, of the following statutes on the Court's analysis in this case: California Vehicle Code §§ 21055, 21056, 22350, 22504, 23109, Cal. Health and Safety Code § 1799.102, and Cal. Evid. Code § 669?

Defendant contends these legal issues remain to be litigated:

7. What is the relevance, if any, of the 35 MPH advisory speed limit sign?
8. Were Luis Nunez and/or Christopher Damitz extraordinarily negligent? If so, what, if any, legal effect does that negligence have on any negligent act performed by Agent Pinckney, if any?

9. Whether Frank Michell, Christopher Damitz and Luis Nunez assumed the risk of their injuries?

10. What is the relevance, if any, of the pretrial settlement between Michell and Nunez regarding whose motorcycle struck Michell and regarding issues of bias?[6]

Plaintiffs contend these legal issues remain to be litigated:

11. What is the relevance, if any, of a speed survey from Plaintiff's expert finding that the average speed is 46 MPH around this blind curve?

12. What is the relevance, if any, of any purported past speeding by unknown motorcyclists on this road?

13. Is Pinckney negligent as a matter of law for parking his vehicle in the middle of a highway lane, behind a blind corner in violation of Calif. Veh. Code § 22504?

## X.

The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues of fact and law remaining to be litigated, this order shall supplement the pleadings and govern the course of the trial of this cause, unless modified to prevent manifest injustice.

## XI.

The case will be tried by the court without a jury.[7]

## XII.

The trial of this case shall be bifurcated. The issue to be tried first is liability. The issue to be tried second is damages.

## XIII.

Time estimated for the liability phase of the trial is 10-15 court days.

---

[6] Plaintiffs object to evidence of any pretrial settlement under Fed. R. Evid. § 403 as its probative value is outweighed by the probability that its admission will necessitate undue consumption of the Court's time and it only arguably relates to damages.

[7] Defendant requests the Court conduct a site visit of the incident scene before or during trial. Plaintiffs object to a site visit.

## XIV.

The cause of action to be tried is negligence. Plaintiffs must prove that USBP Agent Pinckney was negligent, that the Plaintiffs were harmed and that USBP Agent Pinckney's negligence was a substantial factor in causing Plaintiffs' harms. Plaintiffs' damages include medical expenses, funeral expenses, pain and suffering, physical injuries, or wrongful death, emotional distress, and economic loss, to be proven up during the damages phase of this trial.

In addition to disputing USBP Agent Pinckney's negligence, and whether any negligence was a substantial factor in causing Plaintiffs' harms, Defendant's defenses are that Nunez's, Michell's and Damitz's negligence/extraordinary negligence was a superceding cause of Plaintiffs' damages, or at least constituted comparative negligence, that Plaintiffs assumed the risk of their damages, and that the discretionary function exception precludes a finding that Defendant was negligent.

APPROVED AS TO FORM AND CONTENT:

DATED: June 24, 2013                    CASEY, GERRY, SCHENK,
                                        FRANCAVILLA, BLATT & PENFIELD LLP

                                        By:  /s/Wendy M. Behan
                                             Wendy M. Behan
                                             wbehan@cglaw.com

                                             Attorneys for Frank Michell

DATED: June 24, 2013                    THE GOMEZ LAW FIRM

                                        By:  /s/David Fox
                                             David Fox
                                             dfox@gomeziagmin.com

                                             Attorneys for Lori Nunez

| | | |
|---|---|---|
| DATED: June 24, 2013 | | UNITED STATES ATTORNEY'S OFFICE |
| | By: | /s/David B. Wallace |
| | | David B. Wallace |
| | | dave.wallace@usdoj.gov |
| | | Attorneys for United States of America |
| DATED: June 24, 2013 | | LAW OFFICES OF DOUGLAS H. SWOPE |
| | By: | /s/Douglas H. Swope |
| | | Douglas H. Swope |
| | | dhswope@yahoo.com |
| | | Attorneys for Christopher Damitz |

**IT IS SO ORDERED.**

DATED: June 27, 2013

_____
**CATHY ANN BENCIVENGO**
United States District Judge